## Herbert McGEE v. STATE of Arkansas

CR 77-159        557 S.W. 2d 885

Opinion delivered November 28, 1977
(Division II)

---

*Thomas R. Newman,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant, on pleas of guilty, received five year concurrent sentences on five charges of burglary, including one count of grand larceny. Additionally, the court assessed the maximum term of twenty years on a charge of criminal attempt to commit aggravated robbery in violation of Ark. Crim. Code §§ 41-701 (1) (a) and 41-2102 (1) (a) (1976). That sentence was ordered to be served consecutively to the concurrent five year sentences. A few days later appellant, by postconviction relief motions, sought resentencing to a five year concurrent term on his guilty plea to the criminal attempt charge or be permitted to withdraw his plea, raising, *inter alia,* the issue of the state's failure to abide by a negotiated plea bargain which he understood would result in concurrent five year terms on all six charges. Following an evidentiary hearing, appellant's motions were denied. At the hearing the appellant testified that he was advised by his counsel that upon a plea of guilty the extent of his punishment would be concurrent five year sentences on all charges. His testimony was corroborated by his trial counsel. According to the prosecutor's recollection, there was no such agreement. Appellant argues that his plea of guilty to the attempted robbery was based upon a misunderstanding by him of the law and his rights. Therefore, his plea was unintelligently and involuntarily made. Before the trial court and here, appellant invokes Rules of Crim. Proc., Rule 24.5 (1976), which provides:

The court shall not accept a plea of guilty or nolo con-

tendere without first determining that the plea is voluntary. The court *shall* determine whether the tendered plea is the result of a plea agreement. If it is, the court shall require that the agreement be stated. (Italics supplied)

Clearly, this rule is mandatory.

Here it appears that the court meticulously inquired of practically all of appellant's rights; however, the record reflects that before acceptance of the pleas the court failed to determine whether the tendered pleas were the result of a plea agreement and, if so, order the agreement stated. Further, Rule 25.3 (c) provides that if a plea agreement exists in which the trial court has not concurred, then the court "shall advise the defendant in open court at the time the agreement is stated that:

(i) the agreement is not binding on the court;
(ii) if the defendant pleads guilty or nolo contendere the disposition may be different from that contemplated by the agreement.

Without the trial court's advising the appellant as to these requirements upon his guilty pleas, there is no assurance that his guilty pleas were intelligently and voluntarily made. In these circumstances it might very well be that the accused pleaded guilty to the attempted robbery charge under a misunderstanding of the law and his rights. To remove any possibility of prejudice, we modify the sentence on the attempted robbery conviction by reducing it to five years to be served concurrently with his other sentences.

It becomes unnecessary to discuss appellant's other contentions.

Affirmed as modified.

We agree: HARRIS, C.J., and ROY and HICKMAN, JJ.