Charles Edward MARSHALL *v.* STATE of Arkansas

CR 77-200                                          561 S.W. 2d 76

Opinion delivered February 6, 1978
(In Banc)

*Wheeler, Watkins, Graham & Wyrick,* by: *William C. Gooding,* for appellant.

*Bill Clinton,* Atty. Gen., by: *John Anderson, Jr.,* Dep. Atty. Gen., for appellee.

FRANK HOLT, Justice. On a plea of guilty to aggravated robbery, appellant was sentenced to twenty years' imprisonment in the Department of Correction. Subsequently, appellant petitioned the court, pursuant to Rules of Crim. Proc., Rule 37 (1976), to modify or vacate his sentence on the allegation, *inter alia,* that he pleaded guilty upon advice of counsel in the mistaken belief he would receive a five year sentence based upon a mutual agreement with the state. Consequently, the court erred in sentencing him in excess of the unconditional agreement without informing appellant before imposition of sentence that it would not accept the state's recommendation. After an evidentiary hearing, appellant's motion was denied. Appellant now contends, through court appointed appellate counsel, that the sentence was imposed in violation of Arkansas law because the trial

judge did not advise appellant in open court that the plea agreement was not binding and if appellant pleaded guilty, the disposition could be different from that contemplated by a plea agreement. Consequently, his plea was based upon a misunderstanding by him of the law and his rights.

At the Rule 37 hearing, appellant testified that it was his understanding that a plea agreement had been made between the prosecuting attorney and his court appointed counsel whereby appellant would receive a five year sentence in return for his guilty plea. His plea of guilty was based on that understanding and belief. It is undisputed that this plea agreement existed. Even so, the state points out that appellant signed a plea and waiver form, with the assistance of court appointed trial counsel, which stated the court was not bound by any recommendation. Appellant admitted he was aware of this provision. Further, upon being sentenced, the appellant responded in the negative when the court inquired if he had any questions. Therefore, the state argues that no prejudicial error is demonstrated even though no inquiry was made in open court about a plea agreement. It appears that at the time of the acceptance of the guilty plea and three days later at the sentencing, the court carefully advised appellant of practically all of his constitutional and statutory rights except whether the tendered plea was a result of a plea agreement.

In determining the voluntariness of a plea, Rules of Crim. Proc., Rule 24.5 (1976), provides in mandatory terms:

> The court shall not accept a plea of guilty or nolo contendere without first determining that the plea is voluntary. The court *shall* determine whether the tendered plea is the result of a plea agreement. *If it is*, the court *shall* require that the agreement be stated. (Italics supplied.)

Rule 25.3 (c), which defines the responsibility of the trial judge, provides that "[i]f the parties have not sought the concurrence of the trial judge in a plea agreement, . . . . he *shall* advise the defendant *in open court* at the time the agreement is stated that:

(i) *the agreement* is not binding on the court;

(ii) if the defendant pleads guilty or nolo contendere the disposition may be different from that contemplated by the agreement." (Italics supplied.)

As indicated, it is undisputed that a plea agreement existed between appellant's court appointed counsel and the state providing for a five year sentence. The appellant relied upon this agreement. Although the state recommended a five year sentence, the court did not then determine in open court if it resulted from a plea agreement and proceeded to impose a sentence four times greater than what appellant was told he would receive. The pertinent commentary to Rule 25.3 (c) reads: "The rule is fashioned to eliminate to the maximum extent possible *the chance* of a defendant misunderstanding the nature and consequences of the plea bargaining procedure." (Italics supplied.) Obviously, the mandatory requirements of the recited rules with respect to a plea agreement are to avoid the chance, as here, of a misunderstanding by the accused of the law and his rights. We recently held in *McGee* v. *State,* 262 Ark. 473, 557 S.W. 2d 885 (1977), where the trial court failed to advise the defendant in open court that a plea agreement was not binding on the court, that "there was no assurance that the guilty plea was intelligently and voluntarily made."

Here the record is absolutely silent with reference to the admitted plea agreement being brought to the attention of the court, either through its inquiry or the attorneys. It is true that the state recommended a five year sentence; however, there is a distinct difference between a unilateral recommendation by the state and one, as here, based upon an agreement resulting from plea bargaining. To remove any possibility of prejudice, we reduce the sentence to five years' imprisonment if the state, through the attorney general, decides to accept this reduction within seventeen calendar days. Otherwise, the sentence is set aside and the cause remanded with directions that appellant be permitted to withdraw his plea of guilty and plead anew.

We deem it unnecessary to discuss appellant's other contention for reversal.

Affirmed upon acceptance of modification.

HARRIS, C.J., dissents.

CARLETON HARRIS, Chief Justice, dissenting. I disagree with the conclusions reached by the majority in this case.

In the first place, at the time appellant was sentenced, he was asked if he had any questions and answered this inquiry in the negative. Furthermore, at the Rule 37 hearing, the record reveals the following:

"Q. Mr. Marshall, before you entered a plea of guilty, you were furnished this Plea and Waiver Form?

A. Yes, sir.

Q. And this is the same one which you read, and which you signed before entering a plea of guilty?

A. Yes, sir.

Q. And that form explains the effect of your entering a plea of guilty, does it not?

A. Yes, sir.

Q. *And it also states that the court is not bound by any recommendation, is that not true?*

A. *Yes, sir.*

q. *And you knew that at the time you entered your plea, didn't you?* (Emphasis added.)

A. *Yes, sir.*" (All emphasis supplied.)

It thus clearly appears that Marshall was advised, and *understood*, that the trial court was not bound by any agreement between the prosecuting attorney's office and appellant's counsel and, accordingly, was not prejudiced by the fact that the court did not specifically tell appellant that

he was not bound by the recommendation of the prosecuting attorney.

I would affirm.