Charles Edward MARSHALL *v.* STATE of Arkansas

CR 78-199                                    578 S.W. 2d 32

Opinion delivered March 12, 1979
(Division I)

*James E. Davis,* for appellant.

*Steve Clark,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant entered a guilty plea to aggravated robbery in the Miller Circuit Court upon the understanding his attorney and the state had plea bargained for a 5-year sentence. The court, as it had the authority to do, rejected the agreed sentence of 5 years and sentenced appellant to a term of 20 years. Subsequently, appellant

petitioned, pursuant to Rules of Crim. Proc., Rule 37, to vacate or modify the sentence. We granted the relief in *Marshall* v. *State*, 262 Ark. 726, 561 S.W. 2d 76 (1978), because the record was absolutely silent with reference to the admitted plea agreement. The state was given the option of reducing the sentence to 5 years or conducting a new trial. The state elected to try the case again.

Appellant again entered a guilty plea but without an agreement by the state as to the term to be recommended. On April 25, 1978, the court sentenced appellant to a term of 35 years. Again, pursuant to Rule 37, appellant moved for a reduction of sentence which was denied by the trial court on August 23, 1978. This appeal is from the order denying the motion for reduction of sentence following the second sentence for a term of 35 years.

Appellant contends he was denied due process of law, as guaranteed by the Fourteenth Amendment to the Constitution of the United States, by imposition of the 35-year sentence.

The question before us is whether a second plea or verdict may result in a greater sentence than that decreed by the first conviction after it has been set aside as a result of a successful appeal by the defendant. Appellant vigorously contends it would be a violation of the due process clause secured by the Fourteenth Amendment to the Constitution of the United States, at least as it is applied to the case before us. The state argues with equal vigor that there has been no such violation here. Both cite precedent in support of their respective contentions. We have examined the cases cited and find they are accurately quoted, at least to the extent relied upon by the parties. We might say both parties well presented their arguments.

We are to decide to what extent, if any, the Fourteenth Amendment limits imposition of second sentences after the first is set aside. The United States Supreme Court has held that the Fifth Amendment guarantee against double jeopardy may be enforced through the Fourteenth Amendment. The Fifth Amendment was held in *Benton* v. *Maryland,* 395 U.S.

784 (1969), to guarantee three separate classes of protection: (1) Protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. These three prohibitions are protected by both the Fifth and Fourteenth Amendments to the Constitution of the United States. The third prohibition above-listed is the basis of the problem here presented. It would clearly be a violation of basic constitutional guarantees to fail to allow full credit for any time served pursuant to a prior sentence upon pronouncement of a second sentence for the same offense.

We do not think the Fifth Amendment, as applicable to the states through the Fourteenth Amendment, absolutely prohibits a greater sentence on a second trial after the first sentence has been set aside because the slate of the accused has been wiped clean and he stands as through he had never been tried. *United States* v. *Tateo,* 377 U.S. 463 (1964). It makes no difference whether the attack setting aside the conviction is direct or collateral. *Robinson* v. *United States,* 324 U.S. 282 (1945). Of course, his slate has not been wiped clean as to any part of the sentence served, and the only way to wipe it nearly clean is to guarantee credit for any time served on the prior sentence(s).

However, the "more severe" sentence is not so easily disposed of. Naturally, if the sentence is the same or "less severe" the accused has no complaint. It is only when a greater sentence is imposed that this question arises. Appellant received a more severe sentence, by 15 years, for the same crime. Whether a constitutional guarantee has been violated depends upon a combination of variables peculiar to the individual case. Every case must be examined upon its own particular circumstances. There is no absolute constitutional guarantee that the same or lesser sentence must be imposed upon a subsequent trial. Cases cited by appellee reveal circumstances which allow a more severe sentence to be imposed uoon a subsequent sentence.

When, then, may a more severe sentence not be imposed? We state unequivocally that a more severe sentence

may not be imposed because of any vindictiveness of the court arising from the convicted party successfully appealing the first sentence. This would clearly be violative of the due process clause of the Fourteenth Amendment. We believe the rule has been reduced to the lowest common denominator in *North Carolina* v. *Pearce,* 395 U.S. 711 (1969), wherein it is stated:

> . . . we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding, and the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed upon appeal.

The record before us simply does not fulfill the above requirements. There is no evidence at all of appellant's conduct subsequent to the original sentencing proceeding. The only additional information relative to the crime is the statement by the court that the victim was still taking medicine. There is no indication that the appellant is less credible or the crime more severe. Neither is there any evidence to indicate that the trial judge was punishing appellant for having successfully appealed his first sentence, nor in any manner showing vindictiveness.

We note that in *Pearce* the dissent would prohibit a greater sentence upon a second guilty plea or conviction as a violation of the double jeopardy clause of the Fifth Amendment. We do not go that far but do hold that, in view of the particular circumstances of this case, the sentence imposed must be reduced to 20 years, based upon the record before us. Therefore, the case is remanded to the Miller County Circuit Court for reduction of the sentence, as stated herein, with full time served on both sentences to be credited.

Affirmed as modified.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and BYRD, JJ.