## Cecil WALTERS *v.* STATE of Arkansas

CR 79-143                                   587 S.W. 2d 831

Opinion delivered November 19, 1979

*Lessenberry & Carpenter,* by: *Thomas M. Carpenter,* for appellant.

*Steve Clark,* Atty. Gen., by: *Neal Kirkpatrick,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. In *Walters* v. *State,* unpublished opinion February 27, 1978, we set aside appellant's 1973 plea of guilty and a twenty-one year sentence to robbery with a firearm. Following a trial by jury, upon remand, appellant was sentenced to consecutive terms of twenty-one years' imprisonment for robbery and fifteen years imprisonment for the use of a firearm in the commission of a felony.

Appellant first contends that the trial court erred in failing to suppress his confession. When, as here, the question of the voluntariness of a confession is raised on appeal, we review all of the evidence and make an independent determination of its voluntariness based on the totality of the circumstances. *Clark* v. *State,* 264 Ark. 630, 573 S.W. 2d 622 (1978); and *Degler* v. *State,* 257 Ark. 388, 517 S.W. 2d 515 (1974). When the voluntariness, as here, depends entirely on the credibility of the witnesses, we must defer to the superior position of the trial judge who observed the witnesses when they testified. *Gardner* v. *State,* 263 Ark. 739, 569 S.W. 2d 74 (1978); and *Whitmore* v. *State,* 263 Ark. 419, 565 S.W. 2d 133 (1978). The finding of the trial judge will not be set aside unless it is clearly against the preponderance of the evidence. *Clark* v. *State, supra;* and *Degler* v. *State, supra.*

Here, the only witness to testify regarding the taking of the confession were a police officer and the appellant. The officer, the only person present when the confession was taken other than the appellant, testified that after he advised the appellant of his rights, the appellant wrote and signed a statement. The officer made no threats or promises to induce the appellant to sign the rights form or write his statement. The appellant denied writing or signing the statement or any other statement. He stated that "the officer probably made it up himself." The appellant identified his signature on the waiver of rights form which was admitted into evidence. Over the appellant's objection, the handwritten signed con-

fession was also admitted into evidence.

The question raised by the appellant pertains to an issue "which could only have been decided on the basis of credibility." *Gardner* v. *State, supra*. In reviewing the circumstances and giving due deference to the determination of the trial court in the case at bar, we cannot say that the finding that the statement was voluntarily made by the appellant was clearly against the preponderance of the evidence.

Neither can we agree with appellant that the trial court erred in failing to grant his motion for a mistrial following a police officer's statement that he had secured an "unlawful flight to avoid arrest" warrant from the FBI when he was unable to locate the appellant after the robbery. It is well settled that the accused's flight from the scene of the crime is admissible as a circumstance to be considered with other evidence in determining his probable guilt. *Russell & Davis* v. *State,* 262 Ark. 447, 559 S.W. 2d 7 (1977); *Murphy* v. *State,* 255 Ark. 90, 498 S.W. 2d 884 (1973); and *Rowe* v. *State,* 224 Ark. 671, 275 S.W. 2d 887 (1955).

Appellant argues that the trial court ordered consecutive (21 years plus 15 years) rather than concurrent sentences solely due to his vindictiveness towards appellant because of his prior successful appeal. Consequently, his maximum sentence should not exceed twenty-one years. We have recently held that a more severe sentence may be imposed on a second trial so long as it is not the result of any vindictiveness by the court towards the appellant arising from the convicted party's prior successful appeal. *Marshall* v. *State,* 265 Ark. 302, 578 S.W. 2d 32 (1979), citing *North Carolina* v. *Pearce,* 395 U.S. 711 (1969). Here the jury assessed an additional fifteen year sentence after determining that the appellant had employed a firearm in the commission of the robbery. Ark. Stat. Ann. § 43-2336 (Repl. 1977); *Redding* v. *State,* 254 Ark. 317, 493 S.W. 2d 116 (1973); *Brown and Bettis* v. *State,* 259 Ark. 449, 534 S.W. 2d 213 (1976). Ark. Stat. Ann. § 43-2337 (Repl. 1977) requires that any additional sentence imposed for the use of a firearm in the commission of a felony "shall run consecutively, and not concurrently, with any period of confinement imposed for conviction of a felony

itself." The sentence imposed by the trial court was precisely that recommended by the jury and consistent with statutory provisions. No prejudicial error is demonstrated.

Appellant also contends that even if the guilty verdict is affirmed, the thirty-six year sentence should be modified by giving him credit for time served. We agree, as does the state, that the approximately five years the appellant served in prison preceding the present sentence should be credited to his sentence. Ark. Stat. Ann. § 41-904 (Repl. 1977); and *Marshall* v. *State,* supra. On this aspect the cause is remanded to the trial court for modification of the judgment.

Affirmed as modified.

Harris C.J., not participating.