## Wesley LONG *v.* STATE of Arkansas

CR 83-65                                    657 S.W.2d 551

Supreme Court of Arkansas
Opinion delivered October 3, 1983

*William R. Simpson, Jr.,* Public Defender, by: *Deborah R. Sallings,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Wesley Long was convicted of the first degree murder of Mrs. Bobby Jean Wilburn on July 1, 1982, committed at the Wilburn Fish Market in Little Rock, Arkansas. He was tried before a jury and sentenced to life imprisonment.

His appeal raises two questions: The legality of his statement to the police, and the sufficiency of the evidence. Both are meritless arguments and his conviction and sentence are affirmed.

The facts which can be gathered from the evidence are largely undisputed, only their interpretation is at issue. Long worked with his father and brother-in-law, Bobby F. Baker, in a business of demolishing buildings and salvaging salable materials, particularly bricks. On the morning of July 1st Long did not go to work at 7:00 a.m., but instead later went to the Wilburn Fish Market at 1602 East Third Street. Mrs. Wilburn (who apparently lived in the back of the establishment) answered the doorbell and informed Long that the market would not open until 10:00 a.m. Her mother-in-law testified that Mrs. Wilburn answered the door but she did not see who was there nor hear what was said. Long's statement to the police said that he went there and was turned away. In that statement Long said he waited until she did open and ordered two fish dinners and a cheeseburger. When told the price he said he was being overcharged. According to Long they had words and he started to leave; she called him a son-of-a-bitch, he turned around and she had a knife. He related:

> I went and grabbed her wrist that had the knife and there was another knife there. I grabbed the other knife. She started to swing on me with the knife she had, and I grabbed her wrist. I stabbed her with the knife I had and she ran into the other room. While she was running, I pushed her. She had fallen on the floor, and I stabbed her once more. She was left balled up, and I left the knife on the floor about two feet away. I cannot remember how many times since I was fighting with her.

Mrs. Wilburn was stabbed eight times, three times in front and five times in back. A butcher knife was still in her back. Her body showed no "defensive wounds," no cuts indicating that she resisted the knifing. There were no cuts on Long. Evidence of a trace metal test showed that Long

could have handled a butcher knife similar to the one found in Mrs. Wilburn.

When Long left the scene he took a blue bank bag. He said it was empty and that he threw it in an old abandoned building near where his father and brother-in-law were working. Mrs. Wilburn's husband testified his wife had $80.00 the night before and he identified the bank bag as one like those used for the fish market. He could only find $10.00 at the market and $25.00 was found with the victim's body. Long was found with $55.00.

Baker, Long's brother-in-law, said he first saw Long on July 1st leaving the abandoned building where the bank bag was found. Long stated that he was late to work because he had "to take care of some business." Long asked Baker to accompany him to the fish market. When they arrived they saw some disarray and broken glass. They could find no one, and Long said something must have happened. Long and Baker left the building and Long went next door to call the police.

Long argues there was no evidence of premeditation. The jury's finding that Long deliberately and premeditatedly killed Mrs. Wilburn is perfectly understandable. His statement is full of holes and the physical evidence easily bears out a finding Mrs. Wilburn was robbed and brutally killed.

> [P]remeditation and deliberation and intent may all be inferred from the circumstances, such as the character of the weapon used, the manner in which it was used, the nature, extent and location of the wounds inflicted, the conduct of the accused and the like. *Hamilton* v. *State,* 262 Ark. 366, 556 S.W.2d 884 (1977).

The evidence of Long's guilt is not only substantial, it is convincing.

The trial court held Long's statement to be voluntary and admissible. Two officers testified that they warned him properly, and used no coercion or other improper tactics,

and produced a signed form. Long testified that he was struck by one of the officers. On appeal of the finding of voluntariness we consider the totality of the circumstances of the statement and will only set aside the court's decision when it is clearly erroneous. *Harris* v. *State,* 278 Ark. 612, 648 S.W.2d 47 (1983). The evidence concerning the statement was primarily testimony and testing such evidence for weight and credibility is the trial court's function, not ours. *Walters* v. *State,* 267 Ark. 155, 621 S.W.2d 468 (1979).

Appellant argues that he testified that three officers were present when he was questioned and only two were called to testify. No request was made of the court to produce the other officer, and the state's witnesses testified that only two officers were present. Again, this was a matter of credibility which was for the trial court's determination. *Walters* v. *State, supra.*

Under Ark. Stat. Ann. § 43-2725 (Repl. 1977), as put into effect by our Rule 11 (f), we consider all objections brought to our attention in the abstracts and briefs in appeals from a sentence of life imprisonment or death. In this case we find no prejudicial error in the points argued or in the other objections abstracted for review.

Affirmed.