Jim McDONALD  *v.*  STATE of Arkansas

CR 04-719                                   221 S.W.3d 349

Supreme Court of Arkansas
Opinion delivered January 5, 2006

*David L. Dunagin*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Appellant Jim Mc-Donald was charged with and pled guilty to rape of his minor daughter, S.M., and in accordance with a jury's verdict, he was sentenced to a term of life in prison. McDonald's counsel on appeal has filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4-3(j)(1), asserting there is no merit to any arguments arising from the circuit court's rulings that were adverse to his client. In response, McDonald has filed a *pro se* brief alleging points of error. As McDonald was sentenced to life in prison, our jurisdiction is appropriate under Ark. Sup. Ct. R. 1-2(a)(2) (2005). We agree that there is no merit to this appeal and grant the motion to withdraw.

At the sentencing stage of the trial, numerous witnesses testified to the alleged abuse of S.M. Detective Hoos testified that S.M. informed him about the abuse and that he arrested Mc-Donald. S.M. testified that she was thirteen years old and her father had her undress and "put his private in her private." Charla Jamerson, a nurse examiner, testified to signs of extensive and ongoing sexual abuse over a long period of time.

Several witnesses were called by the defense to testify that McDonald needed help instead of incarceration. His brother stated that, if McDonald received proper help, he would trust him around his children. McDonald's sister testified that McDonald had been abused when he was a child. Michael Standridge testified as an expert witness about the possibilities of treatment and rehabilitation, noting that McDonald was a "nonexclusive" pedophile, meaning he preferred relationships with adults but will engage in inappropriate behavior with children to compensate for the failure of a primary relationship with an adult. According to Mr. Standridge, McDonald needed treatment and not prison for his problems.

At the conclusion of the sentencing phase of the trial, the jury fixed McDonald's sentence at a term of life in prison. He immediately made a motion for the circuit court to reduce the sentence, arguing that the sentence was the result of passion or prejudice on the part of the jury. The motion was eventually denied, and McDonald filed a timely notice of appeal.

## No-Merit Brief

■ Following McDonald's plea of guilty, the trial dealt solely with the issue of sentencing. There were no rulings adverse to McDonald in that phase of the trial. The only adverse ruling came after sentencing, when trial counsel for McDonald made an oral motion that the circuit court reduce McDonald's sentence. That request was subsequently made in the form of a written motion. Defense counsel argued below that the sentence was clearly excessive and the result of passion or prejudice on the part of the jury. On appeal, appellate counsel for McDonald cites to Ark. Code Ann. § 16-90-107 (Repl. 1987). Subsection (e) of this provision states:

> The court shall have power, in all cases of conviction, to reduce the extent or duration of the punishment assessed by a jury if, in the opinion of the court, the conviction is proper and the punishment assessed is greater than, under the circumstances of the case, ought to be inflicted, so that the punishment is not, in any case, reduced below the limit prescribed by law in such cases.

Ark. Code Ann. § 16-90-107(e). *See also Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002) (holding that trial court has statutory power to reduce sentence fixed by the jury). In support of his no-merit argument, appellate counsel maintains that there is no evidence in the record to demonstrate that the circuit court abused its discretion in denying the motion. The record reveals that, during the sentencing phase of the trial, the jury heard significant evidence on the duration and extent of McDonald's abuse of his daughter. Charla Jamerson testified to numerous injuries and signs that S.M. had been abused and that the abuse had been occurring over a long period of time. Susan McDonald, S.M.'s mother, testified that S.M.'s mental and emotional recovery had been difficult. She stated that she believed the maximum penalty under the law would be a fair punishment for McDonald. Based on this evidence, the jury's verdict does not appear to be the result of passion or prejudice. We therefore

conclude that the circuit court did not abuse its discretion in denying the motion to reduce the sentence.

*Pro Se Brief*

■ McDonald also filed a *pro se* brief in this case in which he alleges several errors. First, he argues that the circuit court erred in failing to follow the directives of Ark. R. Crim. P. 24.5 (2005) which states as follows:

> The court shall not accept a plea of guilty or nolo contendere without first determining that the plea is voluntary. The court shall determine whether the tendered plea is the result of a plea agreement. If it is, the court shall require that the agreement be stated. The court shall also address the defendant personally and determine whether any force or threats, or any promises apart from a plea agreement, were used to induce the plea.

Ark. R. Crim. P. 24.5. In this case, the following colloquy occurred between McDonald and the circuit court at the time of the guilty plea:

> COURT: Mr. McDonald, will you come forward, please, with your attorney? Are you Jim Lawrence McDonald?
>
> DEFENDANT: Yes, sir.
>
> COURT: Mr. McDonald, you have been charged with the crime of rape, a Class Y felony, in violation of Arkansas Code 5-14-103. It's my understanding that you desire to change your plea today. Has anyone threatened you in any way to get you to change your plea?
>
> DEFENDANT: No, sir.
>
> COURT: Has anyone promised you anything in order to get you to change your plea?
>
> DEFENDANT: No, sir.
>
> COURT: Are you satisfied with the advice and assistance that Mr. Lisk has given to you in this case?
>
> DEFENDANT: Yes, sir.

(Prosecution recites alleged facts of case)

COURT: Mr. McDonald, you've heard what the State has said and the charges, or the facts, that show that you are, in fact, guilty of this offense?

DEFENDANT: Yes.

COURT: Do you admit or deny the facts, as stated by the State?

DEFENDANT: I disagree with the time frame, sir.

COURT: And what do you contain [sic] the time frame is?

DEFENDANT: A year period, not years.

COURT: A year period?

DEFENDANT: Yes, sir.

COURT: I don't believe that the time frame affects the validity of the plea.

DEFENDANT: Yes, sir.

DEFENSE COUNSEL: No, Your Honor.

COURT: How do you plead to the charge against you?

DEFENDANT: Guilty.

COURT: Anything further?

DEFENSE COUNSEL: Are you pleading guilty because you are, in fact, guilty?

DEFENDANT: Yes.

DEFENSE COUNSEL: And you're doing this of your own knowledge and free will?

DEFENDANT: Yes.

DEFENSE COUNSEL: And you're not under the influence of any alcohol or drugs at this time?

DEFENDANT: No.

DEFENSE COUNSEL: You understand what you're doing?

DEFENDANT: I'm doing what's right.

DEFENSE COUNSEL: And you're agreeing to let this jury determine your fate?

DEFENDANT: Yes, I am.

DEFENSE COUNSEL: That's all, Your Honor.

COURT: Anything else? All right, thank you.

The above exchange makes clear that the circuit court in fact did not "determine whether the plea is the result of a plea agreement" nor were the terms of any such agreement stated, as required by Rule 24.5. We have held that this provision is mandatory and that any failure to follow the directives in Rule 24.5 results in a plea that is unintelligently and involuntarily given. *McGee v. State*, 262 Ark. 473, 557 S.W.2d 885 (1977). We have further stated that the mandatory requirements of this rule with respect to a plea agreement "are to avoid the chance . . . of a misunderstanding by the accused of the law and his rights." *Marshall v. State*, 262 Ark. 726, 561 S.W.2d 76 (1978). However, as the above-quoted dialogue also makes clear, no objection was made to the court's failure to follow Rule 24.5. In criminal cases, issues raised, including constitutional issues, must be presented to the trial court to preserve them for appeal. *Standridge v. State*, 357 Ark. 105, 161 S.W.3d 815 (2004). Thus, we cannot reach the merits of McDonald's first argument.

■ The second argument set forth in McDonald's *pro se* brief is that the prosecutor and defense attorney repeatedly referred to the sentencing range as including "life without parole" instead of merely "life." First, no objection was made at any point when the alleged misstatements occurred. As stated above, we will not review arguments that have not been first presented to the trial court. *Standridge v. State, supra.* Moreover, even if misstatements were made by counsel, the circuit court properly instructed the

jury with the correct sentencing range, and the jury is presumed to follow the court's instruction. *Hall v. State*, 315 Ark. 385, 868 S.W.2d 453 (1993).

■ McDonald's third argument is that the judge erred in making the following statements to the jury:

> Ladies and gentlemen, it is in the interest of the State of Arkansas and the defendant for you to reach an agreement in this case, if at all possible. A hung jury means a continuation of the case, and a delay in the administration of justice. You should consider that this case will have to be decided by some jury and, in all probability, upon the same testimony and evidence.

Trial counsel for McDonald objected to this statement as an inaccurate statement of the law, and the court eventually retracted the instruction and gave a different one. Additionally, defense counsel approved the substituted instruction. Thus, the defendant received what he requested when the court retracted the original instruction and substituted a new and satisfactory instruction that was given to the jury. It is axiomatic that a party who received the relief requested has no basis for appeal. *McClain v. State*, 361 Ark. 133, 205 S.W.3d 123 (2005); *Jones v. State*, 326 Ark. 61, 931 S.W.2d 83 (1996).

Affirmed; motion to withdraw granted.