HENRY ALLEN REDDING *v.* STATE OF ARKANSAS

CR 73-16                  493 S.W. 2d 116

Opinion delivered April 23, 1973

*L. K. Collier* and *Rice L. Van Ausdall,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Frank B. Newell,*

Deputy Atty. Gen., for appellee.

FRANK HOLT, Justice. By information the appellant was accused of the crime of robbery with the use of a firearm. A jury found the appellant guilty of robbery and assessed his punishment at three years imprisonment in the state penitentiary. Also, an additional three years was imposed by the jury for the use of a firearm. The trial court ordered the sentences to run consecutively. For reversal the appellant contends that Ark. Stat. Ann. § 43-2336—2338 (1971 Supp.), our "firearm statute," is unconstitutional. The statute permits a separate appeal from the judgment on the use of a firearm and it is only from this part of the judgment that the appellant appeals. In pertinent part § 43-2336 reads:

> "***[A]ny person convicted of any offense which is now, or may hereafter be, classified by the laws of this State as a felony, and the person so convicted employed any firearm of any character as a means of committing or escaping from said felony, may, in the discretion of the sentencing court, be subjected to an additional period of confinement in the State penitentiary for a period not to exceed seven (7) years.***"

§ 43-2337 provides that any additional sentence shall run consecutively.

In *Johnson* v. *State*, 249 Ark. 208, 458 S.W. 2d 409 (1970), we set aside that portion of the trial court's judgment which added a seven year penalty for the use of a firearm in a robbery. We found that necessary because of two procedural defects: (1) the use of a firearm was not alleged in the information and (2) the court made an independent determination as to the use of the firearm and then added a seven year sentence to the 15 year sentence the jury had imposed. Therefore, we said appellant was deprived of his constitutional right to be informed of the nature of the accusation against him as well as the right of trial by jury.

In the case at bar these procedural defects do not exist. The trial court first, by standard instructions, submitted to the jury the robbery issue and a verdict form

as to the guilt or innocence of the defendant of the crime of robbery. After the jury returned a verdict of guilty, the trial court then submitted to the jury a verdict form authorizing the jury to assess a penalty (3 to 21 years, § 41-3602) for the crime of robbery. At the same time the court instructed the jury "that if you find beyond a reasonable doubt that the robbery was committed through the use of a firearm, you may, in your discretion, assess an additional penalty not to exceed seven (7) years." A verdict form was, also, submitted authorizing the jury, in its discretion, to assess additional punishment (0 to 7 years, § 43-2336) for the use of a firearm. The jury as previously indicated, assessed a penalty of three years for robbery and a separate or additional sentence of three years for the employment of a firearm. Therefore, it cannot be said there was any infringement upon the constitutional rights of the appellant with respect to being informed as to the nature of the charge as well as trial by jury of a factual issue.

The thrust of appellant's argument is that the firearm statute is unconstitutional on its face inasmuch as it contains language which permits an additional sentence to be imposed in firearm cases "in the discretion of the sentencing court." By using the words "sentencing court," the appellant asserts that the legislature intended the trial judge as the fact finder in the use of a firearm and imposition of a sentence and, therefore, contravenes the constitutional right of a trial by jury as guaranteed by the Ark. Const., Art. 2, § 7.

In statutory construction it is well established that an act of the legislature is presumptively constitutional and all doubt as to its validity must be resolved in favor of the act unless it is clearly incompatible with our constitution. *Bush* v. *Martineau,* 174 Ark. 214, 295 S.W. 9 (1927). If the words used by the legislature are sufficiently flexible then the act should be construed to effectuate the legislature's intention. *Standard Oil Co. of Louisiana* v. *Brodie,* 153 Ark. 114, 239 S.W. 753 (1922). As was observed in the concurring opinion in *Johnson* v. *State, supra,* the "court" in criminal trials in our state ordinarily consists of judge and jury and the words "the sentencing court" have no definite meaning.

When we apply our rules of statutory construction, we hold the act is constitutional. We are of the view that the legislature's use of the words "sentencing court" was intended by the legislature to refer either to the judge or the jury and that the factual issue as to the use of a firearm is to be determined by the trial court if a jury is waived and otherwise by the jury as in the case at bar.

Affirmed.

FOGLEMAN, J., not participating.