Seymour COTTON *v.* STATE of Arkansas

CR 73-170                                      508 S.W. 2d 738

Opinion delivered May 13, 1974

*Killough & Ford,* by: *Robert M. Ford,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Richard Mattison,* Asst. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. Appellant, Seymour Cotton, was charged in the St. Francis County Circuit Court with the crime of Robbery, the Information alleging that Cotton "did on January 5, 1973, take currency from the person of another at the Kroger Store in Forrest City, Arkansas, by force and intimidation, against the peace and dignity of the State of Arkansas." After the taking of evidence in the trial, the court instructed the jury, after which the jury retired for its deliberations. Along with Instructions, the jury was handed a handwritten interrogatory as follows:

"Do you find that the Defendant, Seymour Cotton

Robbery alleged in this Case? (Ans. Yes or No) ————— "

The jury returned its verdict, setting the sentence of appellant at 21 years confinement in the Arkansas Department of Correction and also answered the interrogatory "Yes", whereupon the trial judge sentenced Cotton to seven additional years imprisonment under the provisions of Act 78 of 1969,[1] making a total of 28 years. From the judgment so entered, Cotton brings this appeal. For reversal, three points are asserted which we proceed to discuss in the order listed.

It is first alleged that the trial court erred in failing to excuse Venireman Ernest Houton for cause, which failure, says appellant, required him to exhaust his peremptory challenges to remove Houton from the jury. During *voir dire* examination of the jury panel, it apparently developed that Houton held what he termed a "courtesy card", such card purportedly naming Houton a deputy sheriff, and generally referred to as "honorary deputy sheriff",[2] having been presented to the juror by the Sheriff of St. Francis County.

Mr. Houton was not, under the law, disqualified to serve. Those persons disqualified from Petit Jury service (except by consent of the parties) are set out in Ark. Stat. Ann. § 39-105 (Supp. 1973), appellant depending upon subsection (e) which provides that one is disqualified who is prevented by any relationship or circumstance from acting impartially. We do not consider the card herein mentioned as a relationship or circumstance that would prevent impartiality on the part of the juror. In fact, the only reference to members of law enforcement agencies serving on juries is found in Ark. Stat. Ann. § 39-108 (Supp. 1973), this section providing that certain persons therein listed cannot be required to serve as

---

[1]This act provides that any person convicted of a felony who employed any firearm as a means of committing or escaping from said felony may be sentenced to an additional period of confinement in the State Penitentiary for a period not to exceed seven years. The act was amended in February, 1973, by Act 61, codified as Ark. Stat. Ann. § 43-2336 (Supp. 1973), wherein the additional penalty for use of a firearm was increased to 15 years.

[2]From the record:
"THE COURT: The prospective juror, Ernest Houton, has testified that he is the holder of what he calls a "courtesy card," which purportedly deputizes him as a deputy sheriff, except that it shows to be honorary. There is no Certificate of Oath by any official jurat, and the juror has testified that he has never exercised any authority as a deputy sheriff, and never expects to."

Grand or Petit Jurors if they object to serving and make such objections known prior to being sworn. Subsection (h) includes "active members of any law enforcement agency." Of course, this section refers only to the procedure used by those who do not desire to serve on the jury, and said section can be of no help to appellant. It might be mentioned that Ark. Stat. Ann. § 43-1923 (Repl. 1964) states that an exemption from serving on the jury is not a cause for challenge. At any rate, under the facts heretofore shown, Houton was not an active law enforcement officer.

It is next asserted that the court erred in giving a circumstantial evidence instruction when, in fact, the State was relying upon eyewitness identification rather than circumstantial evidence. It is true that the State offered a witness, Shirley Richard, a cashier at the Kroger Store, who identified Cotton as the man who robbed her, stating that he was holding a small pistol. Two other employees identified appellant as being in the store, one of them testifying that she had a conversation with him in which he inquired about where certain items in the store were located and inquired with regard to what time the store would close. All stated that the appearance of his hair was different at the time of trial from what it had been when the robbery was committed, each agreeing that at the time of the offense, Cotton's hair was very "bushy"; according to one of the witnesses, "a large Afro, large bushy head of hair." Officers John Bascue and R. L. Robbins, employed by the Forrest City Police Department, testified that they had a description of the alleged robber and saw appellant on January 31, noting that he complied with the description given. When they placed him in the police car, he had "bushy" hair, but when they arrived at the police station, his hair no longer had that appearance. According to Robbins, a search of the police car revealed a wig under the front seat of the automobile, the wig being offered in evidence at the trial. The testimony that he was in the store on the occasion in question, and the fact that his wig was hidden under the front seat of the car, were pertinent circumstances for the jury to consider in reaching its verdict, and there was no error in giving the instruction. The only objection made at the trial to the instruction was that it was not applicable, and that is the only objection that can here be considered.

Finally, it is asserted:

"The Court erred procedurally in the way Arkansas Statute 43-2336 was presented to the jury for a determination, said procedural error denying the defendant his constitutional rights under Article II, Section 10 of the Constitution of the State of Arkansas, and denying the defendant due process of law under the General Robbery Statute 41-3602 (Repl. 1964)."

It has already been pointed out that the Information did not charge Cotton with using a firearm in the commission of the robbery, but that after the taking of evidence and instructing the jury, said jury was handed an interrogatory directing that they find whether a firearm was used in the commission of the crime. The jury returned a verdict of 21 years imprisonment on the robbery charge and answered the interrogatory "Yes". As also earlier pointed out, the court then added an additional seven years imprisonment to the sentence. This last act constituted error. We first passed upon this question in *Johnson* v. *State*, 249 Ark. 208, 458 S.W. 2d 409 (1970), although we did not find it necessary in that case to pass upon the constitutionality of the applicable statute,' Ark. Stat. Ann. § 43-2336 (Supp. 1973). In *Johnson*, we set aside that portion of the trial court's judgment which added a seven year penalty for the use of a firearm in a robbery because of two defects, viz., the use of a firearm was not alleged in the Information, and the court made an independent determination as to the use of the firearm and then added seven years to the sentence which the jury had imposed. We said that appellant was therefore deprived of his constitutional right to be informed of the nature of the accusation against him, as well as being deprived of trial by jury. Here, though the jury did reply affirmatively to the interrogatory submitted as to whether Cotton used a firearm, the jury did not render the punishment therefor, the seven years being added by the court. This constituted error. Accordingly, this portion of the judgment must be reversed for two reasons. First, the Information did not contain a charge against Cotton of using a firearm in the robbery, and second, the jury did not fix the amount of time to be imposed for violation of this statute. In

'The act was held constitutional in a subsequent case, *Redding* v. *State of Arkansas*, 254 Ark. 317, 493 S.W. 2d 116.

*Redding* v. *State of Arkansas*, 254 Ark. 317, 493 S.W. 2d 116, this court said:

"We are of the view that the legislature's use of the words 'sentencing court' was intended by the legislature to refer either to the judge or the jury and that the factual issue as to the use of a firearm is to be determined by the trial court if a jury is waived and otherwise by the jury as in the case at bar."

The fairness of the procedure of the jury fixing the sentence (where a jury is used) can be recognized when, as here, it is really impossible to say whether the jury, in giving the maximum sentence for robbery, took into consideration the use of the firearm.

In accordance with what has been said, it is the order of this court that that portion of the judgment imposing the added seven year penalty on appellant is set aside and reversed. With that modification, the judgment is affirmed.

It is so ordered.