Winston Van HARRIS *v.* STATE of Arkansas

CR 88-107                                        764 S.W.2d 606

Supreme Court of Arkansas
Opinion delivered February 13, 1989

*Hartenstein, Taylor & Montgomery*, by: *Ray Hartenstein*, for appellant.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. On April 26, 1978, the appellant and three codefendants, members of a religious cult, were charged with the first degree murder of a three-year-old girl. They testified that they killed the child because they believed her to be an anathema to the cult.

On September 12, 1978, appellant's trial-in-chief began. After two of the State's witnesses had testified, the prosecutor and appellant's attorney reached a plea bargain. Under it, the State would amend the information to include the firearm enhancement statute, Ark. Stat. Ann. § 41-1004 (Repl. 1977), [presently Ark. Code Ann. § 5-4-505 (1987)] and the appellant would change his plea to guilty. In exchange for his plea, he would receive fifty years for the first degree murder charge and 15 years for the firearm enhancement charge. The appellant subsequently pleaded guilty.

On September 10, 1981, the appellant filed this post-conviction proceeding alleging, among other things, failure of the trial court to comply with A.R.Cr.P. Rule 24.4 for the firearm enhancement statute. For some unexplained reason the petition was not heard until July 13, 1987, almost six years after it was filed, and then the trial court's written opinion was not entered until February 3, 1988. The trial court denied relief. We reverse and remand.

Rule 24.4 requires that, before a guilty plea is accepted, the trial court address the accused personally and inform him of: (a) the nature of the charge and determine that he understands it, (b) the mandatory minimum sentence of the charge, if any, (c) the maximum sentence, (d) the effect prior convictions or additional

charges could have on the sentence, and (e) that by pleading guilty, or nolo contendere, the accused waives the right to a jury trial and to be confronted with the witnesses against him, except where the death penalty is sought.

■ We have held, and continue to hold, that compliance with Rule 24 is mandatory. *Reed* v. *State*, 276 Ark. 318, 635 S.W.2d 472 (1982); *Irons* v. *State*, 267 Ark. 469, 591 S.W.2d 650 (1980). In *Shipman* v. *State*, 261 Ark. 559, 550 S.W.2d 424 (1977), we held that substantial compliance was sufficient. In that case, subsection (a) was complied with as the informations were read to the accused, the deputy prosecutor stated the details of the crimes, and, at the post-conviction hearing, the appellant stated he knew the nature of the charges. He was aware of subsections (b) and (c), the potential sentences. Subsection (d), prior convictions, was not applicable. He understood subsection (e), that he was waiving the right to a jury trial.

■ Here, there was no such substantial compliance with regard to the firearm enhancement charge. The trial court did not comply with subsection (a) and apprise appellant of the nature of the firearm charge or what the State would have to prove to convict him of that charge. The trial court did not comply with subsection (b) and inform the appellant of the mandatory minimum sentence. Instead, the trial court only indicated that the maximum sentence was a mandatory sentence. With regard to subsection (e), the trial court did not advise the appellant that he had a right to defend separately on the firearm charge, or that he had a right to a jury trial or appeal from a guilty verdict on that charge.

The decision of the circuit court on the firearm enhancement conviction is reversed, and that part of the case is remanded so that that conviction may be set aside and appropriate proceedings had in accordance with Rule 37.4. The judgment of conviction for first degree murder is not affected by this opinion.

Reversed and remanded.

HOLT, C.J., HICKMAN, and PURTLE, JJ., concur in part and dissent in part.

JOHN I. PURTLE, Justice, concurring. I concur in the result but would point out that the firearm enhancement statute does

not apply when the primary charge includes the element of the use of a firearm. Additionally, if the appellant were tried on the firearm charge it must be proven that he personally used the firearm in the commission of the murder. See Arkansas Code Annotated § 16-90-120(c).

JACK HOLT, JR., Chief Justice, concurring in part; dissenting in part. In reading Ark. Code Ann. § 16-90-120(c) (1987), I am convinced that enhancement of sentence may be used only against the defendant who actually employed the firearm. Further, I do not share the view of the majority that this enhancement statute creates a separate offense as to which we should "set aside the conviction."

To the contrary, I find that the provisions of our criminal code which provide for enhancement of sentence is legislation which permits a jury or trial court, as the case may be, to subject a defendant to additional punishment if he is convicted of a felony in which he actually employed a firearm. For this reason, I would not set aside the conviction on the firearm enhancement, but merely remove the additional sentence placed on the defendant by the trial court because it was not supported by the facts.

Although in *Cotton* v. *State*, 256 Ark. 527, 508 S.W.2d 738 (1974), and *Johnson* v. *State*, 249 Ark. 208, 458 S.W.2d 409 (1970), we noted that a proceeding under the firearm enhancement statute requires additional and specific fact findings by the jury, these cases do not stand for the proposition that if a defendant pleads guilty to a felony which is subject to enhancement because of his utilization of a firearm that the trial court must treat the felony and the enhancement as two different crimes which require separate pleas of guilty, separate convictions, and separate inquiries by the court under Rules 24.4, 24.5, 24.6, and 25.3, of our Rules of Criminal Procedure.

I see nothing wrong with the trial court entertaining Harris's plea of guilty to first degree murder subject to additional penalties under the firearm statute in the same proceeding as long as Harris was made aware that his plea of guilty would allow the trial court to assess certain additional penalties because of the utilization of a firearm during the murder.

In examining the record I find the following exchange

between counsel, Harris, and the trial court sufficient to satisfy our present rules and due process.

> MR. WILSON [Defense Attorney]: Your Honor, at this time, the defendant, Winston Van Harris desires to change his plea from not guilty to guilty on an arrangement to be proposed by the prosecuting attorney.

> THE COURT: The Court understands that as a part of the agreement that has been reached between the state and the defendant's attorney that the information will be amended.

> MR. PATTERSON [Prosecutor]: With respect to this defendant.

> THE COURT: Yes, with respect to this defendant. Would you please state your Amendment to the record.

> MR. PATTERSON: The Amendment would be that Stephanie Alana Hall was killed and that it is enhanced by the fact that a firearm was used.

> MR. WILSON: In violation of Arkansas Statute and [sic] Section 41-1004. And the Defendant stipulates that the Amendment should be granted.

> THE COURT: The information will be amended to include the use of a firearm as to this defendant only. Now, Mr. Winston Van Harris, as you know there are present criminal charges against you in the Circuit Court of Newton County, Arkansas, and your attorney has indicated that you wish to make a plea to these charges. Before you make the plea, I want to make sure that you understand your rights the charges that are against you, and the penalties. You are charged with a felony, First Degree Murder, do you understand that?

> WINSTON VAN HARRIS [Appellant]: Yes sir.

> THE COURT: And, if you are convicted, you may be imprisoned in the penitentiary, do you understand that:

> WINSTON VAN HARRIS: I do.

> THE COURT: Do you understand that you have the right

to plead not guilty and to be tried by a jury?

WINSTON VAN HARRIS: Yes sir.

\* \* \*

THE COURT: Do you understand that if you plead not guilty, the State would have the burden of proving your guilt beyond a reasonable doubt?

WINSTON VAN HARRIS: Yes sir.

\* \* \*

THE COURT: However, if you are guilty and desire to plead guilty, before accepting your plea and deciding what your sentence should be, I want to go over some additional things with you. As you said, you understand you are charged with First Degree Murder?

WINSTON VAN HARRIS: Yes sir.

THE COURT: *Do you understand that the possible penalties provided by law on that charge are from five to fifty years or life and as the information is amended, an additional fifteen years for the use of a firearm, and/or up to a fifteen thousand dollar fine?* [Emphasis added.]

WINSTON VAN HARRIS: Yes sir.

THE COURT: Do you understand that by pleading guilty you give up your right to appeal?

WINSTON VAN HARRIS: Yes sir.

THE COURT: Are you pleading guilty fully and voluntarily; have you been threatened in any way or promised anything in any way?

WINSTON VAN HARRIS: No sir.

THE COURT: Do you understand that your attorney and the Prosecuting Attorney have agreed to recommend a particular sentence to the court if you plead guilty?

WINSTON VAN HARRIS: Yes sir.

THE COURT: *Do you understand that sentence to be a*

*sentence for fifty years plus an additional fifteen years for the use of a firearm with the Arkansas Department of Corrections?* [Emphasis added.]

WINSTON VAN HARRIS: Yes sir, I do.

THE COURT: Do you accept this agreement?

WINSTON VAN HARRIS: Yes sir.

THE COURT: Have you discussed this case fully with your attorney?

WINSTON VAN HARRIS: Yes, sir.

THE COURT: Are you satisfied with his services?

WINSTON VAN HARRIS: Very much. . . .

THE COURT: Would you tell me something about the facts in this case on which the Court can determine that you are guilty and could accept this plea.

MR. WILSON: Will you permit me, your Honor, to make a recitation. Essentially, the Defendant admits that he is guilty of complicity in the murder of Stephanie Hall, in that he participated in discussions of a religious character with the rest of the Defendants and with Suzette Freeman, the prosecuting witness which involved the revelation transmitted through Mark Harris that the child should be put to death. And Suzette provided an interpretation that that was in fact the truth. For the reason that the child had earlier been declared anathema. The child was led from the group by Royal Harris, who possessed a firearm that resulted in the murder. My client accompanied Royal to the woods where Royal Harris put the child to death. My client stood some distance away and observed that.

THE COURT: Is the statement by your attorney correct, Mr. Harris?

WINSTON VAN HARRIS: Yes sir.

THE COURT: Allright, based on your plea of guilty, the Court finds you to be guilty and accepts the recommendation of your attorney and of the State and sentences you to fifty years imprisonment with the Arkansas Department of

580

Corrections for the crime of First Degree Murder and sentences you to an additional fifteen years for the use of a firearm.

\* \* \*

HICKMAN, J., joins in this dissent.