Scott MANATT, Jr. *v*. STATE of Arkansas

92-566                                                   842 S.W.2d 845

Supreme Court of Arkansas
Opinion delivered November 9, 1992

*Scott Manatt*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Shortly after midnight on September 1, 1991, State Trooper Steve Shults was driving his police car on Highway 67 near the Missouri state line when he saw a pickup truck exceeding the speed limit while traveling south toward Corning. The trooper followed the truck, as it continued to exceed the highway speed limit, into a 45 m.p.h. zone in Corning, where he saw it veer across a yellow line. The trooper thought the driver of the truck might be intoxicated and stopped the truck at 12:26 a.m. The trooper got out of his car, and, as he was approaching the pickup, he glanced into the bed of the truck and saw a case of beer in cans, six bottles of beer, and four wine coolers. The trooper asked the driver for his license, looked at it, and saw that the driver, appellant Scott Manatt, Jr., was only sixteen years old. There were three other teenagers in the truck. The trooper asked to whom the beer and wine belonged, and appellant responded that it was his. The trooper satisfied himself that appellant had not been drinking and shortly afterwards issued a citation to appellant as being a minor in possession of intoxicants, and let him go. The case was processed in the juvenile division of chancery court. The chancellor found that appellant was a delinquent juvenile because he had violated the statute prohibiting minors from possessing intoxicants. He entered an order denying appellant's driving privileges for one year, but allowed him to drive to and from work and school. Court costs amounted to $35.00. Appellant makes five assignments of error,

and those assignments, in turn, contain many subpoints. Some of the subpoints are not easily followed, but we are satisfied that there is no merit in any of them and, accordingly, affirm.

Appellant's first point is:

UNDER RULE 29(1)(a), IT IS ALLEGED THAT THE LOWER COURT ERRED IN FAILING TO ENJOIN THE USE OF THE JUVENILE CODE AS FAILING IN EQUAL PROTECTION OF THE LAWS OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ALSO FAILED TO ACCORD TO PERSONS UNDER THE AGE OF 18 YEARS PRIVILEGES OR IMMUNITIES WHICH UPON THE SAME TERMS SHALL BELONG TO ALL CITIZENS UNDER ARTICLE 2, SECTION 18 OF THE ARKANSAS CONSTITUTION, JURISDICTIONALLY TREATING CITIZENS 18 TO 21 DIFFERENTLY THAN THOSE 16 TO 18 FOR THE SAME OFFENSE.

In this point appellant contends that the juvenile code is unconstitutional and that we should enjoin its use because, when a juvenile violates a criminal statute, he is subjected to more severe penalties than would be an adult for violating the same statute. We do not reach the merits of the argument because appellant was not sentenced under the juvenile code. Appellant was given a citation for being a minor in possession of intoxicating liquor. *See* Ark. Code Ann. § 3-3-203 (1987). The chancellor found that he violated the statute and consequently found him to be a delinquent juvenile. *See* Ark. Code Ann. § 9-27-303(11) (Repl. 1991). Without objection, the chancellor applied Ark. Code Ann. § 5-64-710 (1987), a part of the criminal code, and suspended his driving privileges. The criminal code provides that the trial court *shall* deny driving privileges when a person who is less than eighteen years old is found guilty of a criminal offense involving the illegal possession of alcohol. This penalty, denial of a driver's license, "shall be in addition to all other penalties." Ark. Code Ann. § 5-64-710 (Supp. 1991).

The salient fact is that there was no "disposition," such as commitment to a youth services center, probation, or fine, as provided for in Ark. Code Ann. § 9-27-330 (1987), the statute

that appellant contends unconstitutionally provides excessive punishment for juveniles. Instead, the only "disposition" was to deny appellant the privilege of holding a driver's license as provided for in the criminal statute and driver's license statute, and, by statute, that is to be "in addition to all other penalties."

In order to have standing to challenge the constitutionality of a statute, a party must demonstrate that the challenged statute had a prejudicial impact on him. *Montgomery* v. *State*, 277 Ark. 95, 640 S.W.2d 108 (1982). Here, the challenged statute had no impact on appellant, and, therefore, he has no standing to challenge it. In his reply brief the appellant contends that he has standing because court costs were assessed against him under the juvenile code, but he has not shown that court costs are discriminately applied in juvenile court. Accordingly, we affirm the trial court's refusal to enjoin the use of the juvenile code.

Appellant's second assertion of error is:

THE LOWER COURT ERRED IN FAILING TO TREAT THE OVERBROAD DEFINITION OF "JUVENILE DELINQUENT" AS VOID FOR VAGUENESS BY FAILING TO FIND ACA 9-27-303 SUB PARAGRAPH 11 AS VOID FOR VAGUENESS AND BEING OVERBROAD WHICH DEFINITION CREATES AS A DELINQUENT EVERY CHILD IN ARKANSAS AT SOME TIME BEFORE ITS 18TH BIRTHDAY AS A JUVENILE.

The primary contention under this point is that the definition of "delinquent juvenile" contained in Ark. Code Ann. § 9-27-303(11) (1987) is facially void for vagueness. Appellant does not contend that the statute he was found to have violated, "minor in possession of intoxicants," is void for vagueness. Rather he argues that the definition of "delinquent juvenile" is void. Since there was no disposition of appellant under this definition, we do not need to reach the issue, but we do discuss it in a summary manner only as a prelude to another of his subpoints.

The statute defines the term "delinquent juvenile" as any juvenile ten years old or older who has committed an offense that would constitute a felony, misdemeanor, or violation for an adult,

excepting traffic offenses and game and fish violations. The statute sets out the age of a juvenile offender, and it defines the type of behavior that will cause one to be classified as a delinquent juvenile. Under the definition, a juvenile would only have to look to the criminal code and city ordinances to find the proscribed acts. Thus, the statute is not facially void. See *State* v. *Torres*, 309 Ark. 422, 831 S.W.2d 903 (1992), for a complete discussion of the standard for determining whether a statute is void for vagueness.

Appellant alternatively argues that if the definition is not vague, and if it is literally followed, it is overbroad because it subjects every juvenile to being declared a delinquent. Appellant did not offer any empirical data to sustain this argument. The only data on the subject of which we are aware, and of which we can take judicial notice, are the statistical publications of the Administrative Office of the Courts and the United States Census, and this data does not sustain appellant's contention. Thus, the chancellor did not err in refusing to declare the juvenile code unconstitutional because the definition of "delinquent juveniles" is overbroad.

Also under the same point of appeal appellant contends that the statute he was convicted of violating, being a minor and possessing alcohol, is in violation of the Equal Protection Clause. Citing our legal drinking age of twenty-one, appellant contends that all persons who are under the age of twenty-one, and who possess alcohol, must be treated the same, but, under our statute, only persons less than eighteen years old lose their driver's license when they possess intoxicants. Such an argument loses sight of the fact that a person reaches majority in this State at the age of eighteen years, Ark. Code Ann. § 9-25-101 (1987), and it is only minors who are subject to losing their driving privileges under this act. It is adults over the age of eighteen, but under the age of twenty-one, who cannot purchase intoxicants, who might make a hollow equal protection argument. In addition, in *Carney* v. *State*, 305 Ark. 431, 808 S.W.2d 755 (1991), we set out the basis for this dichotomy, and we held that it is rational and, consequently, not unconstitutional. We need not repeat that reasoning here.

Appellant's third point of appeal is:

THE COURT ERRED IN EXERCISING JURIS-
DICTION BEYOND ITS JURISDICTION BY EN-
FORCING ACT 93 OF 1989 ACA 5-65-116 WITHOUT
REGARD TO ACT 1109 OF ACTS OF THE LEGIS-
LATURE OF 1991 ACA 27-16-915 AND FAILING TO
FIND THAT THE 1989 ACT WAS AMENDED BY
THE 1991 ACT AND BY IMMEDIATE IMPOSITION
OF THE RULING OF THE COURT WITHOUT RE-
GARD TO THE DEFENDANT'S RIGHT TO AP-
PEAL AND BY LETTER RULING DISALLOWS
ANY STAY AGAINST IMPOSITION PENDING
APPEAL.

Appellant contends that Ark. Code Ann. § 5-65-116 (Supp. 1991), the part of the criminal code passed in 1989 that provides for the suspension of driver's licenses of juveniles under eighteen who commit offenses involving intoxicants, was repealed by implication by Ark. Code Ann. § 27-16-916 (Supp. 1991), a part of the code dealing with driver's licenses that was passed in 1991.

The two statutes are not in conflict, and one does not repeal the other by implication. The criminal code section 5-65-116 provides that a person under eighteen who is convicted of driving while intoxicated, or who illegally possesses alcohol or a controlled substance, shall lose his driver's license. On the other hand, the driver's license statute, section 27-16-915, provides that any person, regardless of age, who illegally uses or possesses controlled drugs, as they are defined by the Controlled Substances Act, shall lose his driver's license. Thus, there was no repeal of that part of the criminal code providing for the loss of a driver's license by a person under eighteen years of age when he is found guilty of an offense involving intoxicants. In addition, this court has stated that repeal by implication is not favored. *Johnson v. Sunray Serv., Inc.,* 306 Ark. 497, 816 S.W.2d 582 (1991).

Under this same assignment of error appellant makes an additional equal protection argument. He contends that there is an unconstitutional disparity in the way section 5-65-116 treats juveniles under eighteen as compared to the way it treats adults, and also in the way it treats juveniles under eighteen compared to the way it treats people eighteen, nineteen, or twenty years of age. We do not reach the first subpart of this argument because an

adult cannot be convicted of the offense of possession of intoxicating liquor by a minor. *See* Ark. Code Ann. § 3-3-203 (1987). With regard to the second subpart of the argument, a person reaches majority in this State at the age of eighteen, Ark. Code Ann. § 9-25-101 (1987), and there is a rational basis for taking the privilege of driving from a minor who possesses intoxicants. *Carney* v. *State*, 305 Ark. 431, 808 S.W.2d 755 (1991). Under a different statute, a person must be twenty-one years of age before he can lawfully possess intoxicants. Ark. Code Ann. § 3-3-203 (1987). As we have already set out in the second assignment of error, there is a rational basis for treating minors under the age of eighteen differently from adults who have not yet reached the lawful drinking age of twenty-one.

■ Appellant makes yet another subargument under this assignment of error, "[T]he lower Arkansas trial court is acting beyond its jurisdiction in denying the Appellant an opportunity to appeal . . . ." We summarily dismiss this argument as we are now hearing this case on appeal.

Appellant's fourth assignment of error is:

> THE COURT ERRED IN ALLOWING THE JUVENILE INTAKE OFFICER AS ITS APPOINTEE AND ADVISER TO MAKE AN EXPARTE RECOMMENDATION TO THE COURT BY WRITTEN RECOMMENDATION PRIOR TO AN ADJUDICATION OF GUILT DURING THE TIME THAT THE COURT WAS SITTING AS A TRIER OF FACT AND INJECTING THE COURT INTO THE ROLE OF AN ADVOCATE.

Appellant's first argument under this assignment of error is that the trial court violated Ark. Code Ann. § 9-27-321 (Repl. 1991), which provides that a statement made by the juvenile to the intake officer shall not be admissible in evidence against the juvenile. There simply was no statement to an intake officer that was admitted into evidence. An incriminating statement made to the trooper was admitted into evidence, but that is not prohibited by the cited statute.

■ Additionally under this assignment, appellant argues that the trial court abused its discretion in allowing the intake

officer to sit at counsel table with the deputy prosecutor during this proceeding, and that the trial court erred in allowing the intake officer to make the recommendation that appellant's driver's license should be suspended for one year. Again, we treat the matter summarily because, even if appellant's arguments were valid, there was no possible prejudice. There is no doubt appellant was a minor and that he was in possession of intoxicants, and the applicable statute provides that in such case the trial court is *required* to suspend the minor's driver's license. *See* Ark. Code Ann. § 5-65-116 (Supp. 1991).

Appellant next argues that this case should be reversed because the chancellor took an adversary posture at trial. The argument is based upon the following: At the beginning of the case the chancellor asked appellant's attorney: "How old is your son?" and, during the trooper's testimony, appellant made an objection, based on the lack of a *Miranda* warning. The trial court then asked five pertinent questions of the trooper before ruling. One of these questions was: "How did he claim ownership?" Appellant cites no authority that these questions by the court were improper in a juvenile hearing, and we know of none. When a party cites neither cases, nor authority for an argument, nor gives a convincing argument, and the argument has no readily apparent validity, we will not further consider the matter. *Brown v. Minor*, 305 Ark. 556, 810 S.W.2d 334 (1991).

In his final assignment of error, appellant contends:

THE COURT ERRED IN FINDING A LINK BETWEEN THE POSSESSION OF ALCOHOL, AND THE DRIVER OF A VEHICLE, AND IN ALLOWING ALLEGED STATEMENTS BY THE DEFENDANT WITHOUT BENEFIT OF MIRANDA WARNINGS BY AN OFFICER STOPPING A JUVENILE WHEN THE QUESTIONS AND ANSWERS OF THE TARGETED JUVENILE RESULT IN ARREST AND COMPLETING A "LINK."

Appellant makes a number of arguments under this assignment of error, but all but one of them are based upon the contention that the trial court erred in allowing the trooper to testify that appellant admitted that the intoxicants were his because the officer did not give a *Miranda* warning to appellant. The ruling

was correct. Here, the officer issued a citation in lieu of an arrest. *See* A.R.Cr.P. Rules 5.1 and 5.2. The officer did not take appellant into custody. In *Berkemer* v. *McCarthy*, 468 U.S. 420 (1984), the United States Supreme Court held that persons temporarily detained pursuant to a routine traffic stop are not "in custody" for purposes of *Miranda*. The Court reasoned that *Miranda* warnings were not required in such cases because the stop was temporary, it was in public, and the atmosphere on a public street is not comparable to the "police dominated" custodial interrogation. The Court held that a motorist who is detained pursuant to a traffic stop is entitled to a recitation of his rights only when the stop becomes such that he is "subjected to treatment that renders him 'in custody' for practical purposes." *Id.* at 440.

Finally, in two separate subarguments, appellant contends that this case should be reversed because the trial court did not act in an impartial manner and that there was a "predisposition" to "make an example out of this defendant." The record does not show that the trial court acted unfairly or partially in any manner, or sought to make an example of appellant. We consider the argument to be disrespectful of the trial court and in violation of Rule 6 of the Rules of the Supreme Court and Court of Appeals, but, rather than take punitive action, we state that the argument is completely without a basis and inappropriate.

Affirmed.

NEWBERN, J., not participating.