Chad Wayne CLIFTON *v.* STATE of Arkansas

CR 96-405                                           930 S.W.2d 354

Supreme Court of Arkansas
Opinion delivered October 14, 1996
[Petition for rehearing denied November 11, 1996.]

*Richard M. Grasby*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Chad Clifton files this petition for writ of prohibition against the Pulaski County Circuit Court after that court denied his motion to dismiss for failure to provide a speedy trial. Our review of the record reflects the trial court was correct; therefore, we deny Clifton's request for writ of prohibition.

This matter arises from a motor vehicle accident that occurred on August 20. 1994. Donna Hutchinson was killed as a result of the accident, and Clifton was taken to the hospital for medical treatment. The deputy sheriff who investigated the accident interviewed Clifton at the hospital, and as a result of that interview, the deputy issued a citation for driving while intoxicated, driving left of center, and driving off pavement on right. The deputy sheriff also took Clifton's driver's license. Clifton later appeared in Pulaski County Municipal Court on September 27, 1994, when the offenses with which he was cited were dismissed, and he was arrested for manslaughter and released upon posting a $15,000 bond. On November

10, 1994, the prosecutor formally filed an information in the Pulaski County Circuit Court, alleging Clifton had feloniously and recklessly caused Ms. Hutchinson's death. The circuit court set a jury trial date for September 22, 1995.

One week prior to the date of trial, Clifton moved to dismiss on speedy-trial grounds, and in doing so, relied on Ark. R. Crim. P. 28.2(a). Rule 28.2(a) provides in relevant part that the time for trial commences running from the date of arrest for an offense based on the same conduct or arising from the same criminal episode. Clifton asserts the deputy sheriff arrested him on August 20, 1994, for DWI and the two traffic offenses, and since those offenses arose out of the same criminal episode as the manslaughter charge, his twelve-month speedy-trial time began on the August 20 date. As a consequence, he claims the last date for trial on any and all charges was August 20, 1995. Clifton is mistaken.

The short answer to Clifton's argument is that no arrest occurred on August 20, 1994. Instead, after interviewing Clifton at the hospital on the August 20, 1994 date, the deputy sheriff issued a citation in lieu of arrest or custody, which is authorized under Ark. R. Crim. P. 5.1(a) and 5.2(a). *See Manatt* v. *State*, 311 Ark. 17, 842 S.W.2d 845 (1992) (court held that where officer issued offender a citation in lieu of arrest after a routine traffic stop, the accused was not "in custody" for purposes of *Miranda* warnings); *Mosley* v. *State*, 22 Ark. App. 29, 732 S.W.2d 861 (1987) (court held that a citation in lieu of arrest issued by an officer to the accused at a hospital is not an arrest).

Here, the citation merely ordered Clifton to appear in municipal court on September 27, 1994,[1] and it was on the September 27 date when Clifton was actually arrested for any offense. Because Clifton's arrest for felony manslaughter occurred on September 27, 1994, and the twelve-month speedy-trial time commenced then, the circuit court's September 22, 1995 trial date was within the one-year period. Accordingly, the circuit court has

---

[1] Rule 5.1(a) provides "Citation means a written order, issued by a law enforcement officer who is authorized to make an arrest, requiring a person accused of violating the law to appear in a designated court or governmental office at a specified date and time."

Rule 5.2(a) provides "[A] law enforcement officer in the field acting without a warrant who has reasonable cause to believe that a person has committed any misdemeanor may issue a citation in lieu of arrest or continued custody."

jurisdiction to proceed to trial.

For the reasons above, we deny Clifton's request for a writ of prohibition.