Albert J.M. "John" WATSON *v.* STATE of Arkansas

CA CR 99-1434                                        26 S.W.3d 588

Court of Appeals of Arkansas
Division IV
Opinion delivered September 13, 2000

G. *Keith Watkins*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

SAM BIRD, Judge. Albert J.M. "John" Watson was charged with first-degree murder. He was convicted by a jury in the Sharp County Circuit Court of second-degree murder. The jury fixed his sentence at a term of twenty years, to be served in the Arkansas Department of Correction, and imposed a $15,000 fine. By a separate verdict, the jury found that Watson had used a firearm in the commission of the offense. After the jury was dismissed, the State, acting pursuant to Ark. Code Ann. § 16-90-120 (1987), asked that the court enhance Watson's sentence by the maximum of fifteen years to be served consecutively with his twenty-year sentence in the Department of Correction. Insofar as is pertinent to this case, section 16-90-120 provides that the term of imprisonment of a person convicted of a felony involving the use of a firearm may be, in the discretion of the sentencing court, increased for an additional term of up to fifteen years. Watson objected to the additional term of imprisonment. After noting that the victim had been shot three times, that Watson had fled the scene, and that he had lacked remorse for the commission of the crime, the court granted the State's request and imposed an additional term of fifteen years to run consecutively to the twenty-year sentence imposed by the jury.

Watson filed a motion for resentencing, contending that the statute under which Watson was sentenced by the jury and the statute by which the judge enhanced his sentence were conflicting. He argued that the court erred by enhancing his sentence because section 16-90-120 was repealed by Ark. Code Ann. § 5-4-103(a) (Repl. 1997) and that by enhancing his sentence pursuant to section 16-90-120, Watson was denied his constitutional right to a jury trial. The court denied his motion, and Watson brings this appeal. We disagree with Watson that the two statutes are in conflict and that section 16-90-120 was repealed by section 5-4-103(a), but we agree that the court erred by enhancing Watson's sentence. Therefore, we affirm his conviction and modify his sentence.

Arkansas Code Annotated section 16-90-120 states, in pertinent part:

(a) Any person convicted of any offense which is classified by the laws of this state as a felony who employed any firearm of any character as a means of committing or escaping from the felony, in the discretion of the sentencing court, may be subjected to an additional period of confinement in the state penitentiary for a period not to exceed fifteen (15) years.

(b) The period of confinement, if any, imposed pursuant to this section shall be in addition to any fine or penalty provided by law as punishment for the felony itself. Any additional prison sentence imposed under the provisions of this section, if any, shall run consecutively and not concurrently with any period of confinement imposed for conviction of the felony itself.

Arkansas Code Annotated section 5-4-103(a) provides:

If a defendant is charged with a felony and is found guilty of an offense by a jury, the jury shall fix punishment in a separate proceeding as authorized by this chapter.

Watson argues on appeal that section 5-4-103, which was enacted in 1975, repealed section 16-90-120, which was enacted in 1969. He states that the Act that established section 5-4-103 contained a repealing provision that repealed all conflicting laws.

■ On appellate review, we construe criminal statutes strictly, resolving any doubts in favor of the defendant. *Graham v. State*, 314 Ark. 152, 861 S.W.2d 299 (1993). Nothing is taken as intended that is not clearly expressed. *Id.* Although the repeal of prior statutory

provisions by implication is not favored, *Mixon v. Mixon*, 65 Ark. App. 240, 987 S.W.2d 284 (1999), when the later act covers the subject matter of the previous one and adds provisions clearly showing that it was intended as a substitute for the former provision, the older provision is repealed by implication. *Id.* Where two statutes do not conflict, one does not repeal the other by implication. *Manatt v. State*, 311 Ark. 17, 842 S.W.2d 845 (1992). We must construe all statutes relating to the same subject matter together. *Robinson v. Langdon*, 333 Ark. 662, 970 S.W.2d 292 (1998).

■ The statutes at issue in the case at bar speak to two different issues, and we have no difficulty in reading the two statutes in harmony. Section 5-4-103 requires a jury to fix punishment for a crime. Section 16-90-120 permits the sentencing court to enhance the sentence if the defendant utilized a firearm in the commission of a felony. Furthermore, when the legislature enacted section 5-4-103, it did not expressly overrule or repeal section 16-90-102. Because we find that these two statutes do not conflict, we do not find that section 5-4-103 repealed section 16-90-120.

Even though we disagree with Watson that the statutes conflict, we find that the court in this case should not have enhanced Watson's sentence because Watson was found guilty and sentenced by a jury. In the case at bar, the jury was the sentencing court and not the judge. Therefore, in addition to having the jury determine whether a firearm was used by Watson in the commission of the felony for which it found him guilty, the jury should also have been given the option of adding the additional term of imprisonment. Because the judge was not the sentencing court in this case, he could not enhance Watson's sentence.

In *Johnson v. State*, 249 Ark. 208, 458 S.W.2d 409 (1970), the supreme court set aside the portion of the trial court's judgment that added an additional seven-year term of imprisonment for the use of a firearm in a robbery. The supreme court set forth two reasons for its action: 1) the use of a firearm was not alleged in the Information charging the defendant, and 2) the trial court made its own determination concerning the use of the firearm and then added the seven-year sentence to the fifteen-year sentence that had already been imposed by the jury. *See Johnson v. State*, 249 Ark. at 214, 458 S.W.2d at 412.

In *Cotton v. State*, 256 Ark. 527, 508 S.W.2d 738 (1974), as in the case at bar, the jury made a finding that the defendant had used a firearm in committing robbery and imposed a sentence of twenty-one years. After the jury was dismissed, the judge added an additional seven years imprisonment to the sentence. The court held:

> Here, though the jury did reply affirmatively to the interrogatory submitted as to whether Cotton used a firearm, the jury did not render the punishment therefor, the seven years being added by the court. This constituted error. Accordingly, this portion of the judgment must be reversed for two reasons. First, the Information did not contain a charge against Cotton of using a firearm in the robbery, and second, the jury did not fix the amount of time to be imposed for violation of this statute.

*Cotton v. State*, 256 Ark. at 530, 508 S.W.2d at 741.

■ In *Redding v. State*, 254 Ark. 317, 493 S.W.2d 116 (1973), the court elaborated on the meaning of the phrase, "sentencing court," as used in Ark. Stat. Ann. § 43-2337, a predecessor to Ark. Code Ann. § 16-90-120. The court wrote,

> ... [T]he "court" in criminal trials in our state ordinarily consists of judge and jury and the words "the sentencing court" have no definite meaning.
>
> ....
>
> We are of the view that the legislature's use of the words "sentencing court" was intended by the legislature to refer either to the judge or the jury and that the factual issue as to the use of a firearm is to be determined by the trial court if a jury is waived and otherwise by the jury as in the case at bar.

*Redding v. State*, 254 Ark. at 320, 493 S.W.2d at 118.

In the case at bar, even though the jury found that Watson had used a firearm in committing second-degree murder, the record does not reflect that he was charged with using a firearm. As abstracted, the Information reads:

> ... the state of Arkansas accuses Alber [sic] J.M. "John" Watson III of crime/or cromes [sic] or [sic] Murder in the First Degree, a violation of A.C.A. 5-10-102, Class Y Felony. Committed as follows, to-wit:

The said Albert J.M. "John" Watson III, count I — Did, unlawfully and feloniously, with the purpose of causing the death of another person, cause the death of another person, to-wit: David Frolos ....

■ In addition, the jury did not enhance Watson's sentence; the judge did. Pursuant to *Redding v. State, supra,* the judge in the case was not the sentencing court because Watson was tried by a jury. Therefore, the judge was without authority to enhance Watson's sentence.

We affirm Watson's conviction, but we modify his sentence by removing the additional fifteen years imposed by the judge, leaving intact the twenty-year sentence and $15,000 fine imposed by the jury for appellant's conviction on the charge of second-degree murder.

Affirmed as modified.

KOONCE and ROAF, JJ., agree.